UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS, JR.,

Plaintiff,

v.   CAUSE NO.: 3:19-CV-942-JD-MGG

SUPERVISOR WANDA,

Defendant.

OPINION AND ORDER

James Edward Harris, Jr., a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Harris alleges that he told Supervisor Wanda, who supervises the kitchen at the St. Joseph County Jail, that he has allergies to certain types of food. However, she continued to serve him these types of food and did not offer him food that does not trigger his allergies. Though Supervisor Wanda eventually made some effort to accommodate Harris' allergies, she did so by serving him the same type of food each day, including meat, potatoes, and rice, which has caused him to lose weight and

to become ill. Harris seeks money damages and to not have to eat the same types of food every day.

Harris asserts that Supervisor Wanda violated his rights under the Eighth Amendment by refusing to accommodate his food allergies properly. To establish such an Eighth Amendment claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Based on the allegations in the complaint that Harris' diet has resulted in medical complications, Harris asserts a plausible Eighth Amendment claim against Supervisor Wanda.

Harris also seeks an injunctive relief to obtain a medically and nutritionally appropriate diet. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to ordering correctional officials to accommodate his dietary needs as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). The Warden of the

St. Joseph County Jail has both the authority and the responsibility to ensure that Harris receives the accommodations to which he is entitled under the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the court will add the Warden as a defendant in her official capacity and allow Harris to proceed against her on an injunctive relief claim.

For these reasons, the court:

(1) GRANTS James Edward Harris, Jr., leave to proceed against Supervisor Wanda on an Eighth Amendment claim for money damages for acting with deliberate indifference to serious medical needs by failing to properly accommodate his dietary needs;

(2) ADDS the Warden of the St. Joseph County Jail as a defendant;

(3) GRANTS James Edward Harris, Jr., leave to proceed against the Warden of the St. Joseph County Jail in her official capacity on a claim for injunctive relief to obtain the dietary accommodations as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Supervisor Wanda and the Warden of the St. Joseph County Jail at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Supervisor Wanda and the Warden of the St. Joseph County Jail to respond, as provided for in the Federal Rules of

Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which James Edward Harris, Jr., has been granted leave to proceed in this screening order.

SO ORDERED on November 18, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT