UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS. JR.,

Plaintiff,

v.                                                    CAUSE NO.: 3:19-CV-942-JD-MGG

WANDA JOHNSON, et al.,

Defendants.

OPINION AND ORDER

James Edward Harris, Jr., a prisoner without a lawyer, filed a motion for a preliminary injunction to obtain appropriate accommodations for his food allergies. He states that staff at the St. Joseph County Jail discontinued these accommodations after he refused to submit to an allergy test. The Warden responds that jail staff had formerly relied on allergy information from inmates but that, due to a recent change in management for the jail's medical unit, jail staff initiated efforts to obtain medical verification of reported allergies. Given Harris' numerous complaints regarding his allergies and the lack of any medical documentation, the Warden ordered an allergy test for Harris, which he refused. Due to his refusal, the Warden discontinued the dietary accommodations, except for peanuts, which can cause particularly severe allergic reactions. The Warden also states that Harris has been inconsistent on questionnaires when listing his food allergies, though Harris maintains that the questionnaires were fabricated by jail staff.

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

To demonstrate his Eighth Amendment claims, Harris must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

In the instant motion, Harris asserts that he has food allergies and that jail officials are refusing to accommodate them. However, Harris has not identified the

specific types of food to which he is allergic, nor does he explain the medical

consequences of consuming these types of food. He also has not filed any medical

documentation to corroborate his allegations and has not otherwise explained how his

dietary allergies rise to the level of a serious medical need or how failing to

accommodate them could result in irreparable harm. The court further observes that, in

Harris' reply brief, there is no suggestion that he has suffered allergic reactions,

malnutrition, or any other harm despite not receiving dietary accommodations for more

than five weeks. Consequently, Harris has not demonstrated that he has a serious

medical need or that failing to provide dietary accommodations will result in

irreparable harm.

Further, the Warden's efforts to obtain medical verification of these allergies

were a reasonable response to Harris' requests for dietary accommodations. The record

reflects that jail staff did not have medical documentation of Harris' allergies or even a

complete and accurate list from Harris. Moreover, given Harris' refusal to cooperate

with the allergy tests, he cannot show that jail officials knew that the allergies presented

him serious risk of harm. Additionally, even without knowledge of such a risk, jail

officials demonstrated some concern by accommodating Harris' reported peanut allergy

due to its greater potential for harm. Therefore, the court cannot conclude that Harris is

likely to succeed on the merits of his Eighth Amendment claims of deliberate

indifference to a serious medical need.

Finally, with respect to the competing and public interests, unnecessary

intrusions into the management of prisons are generally disfavored. *See* 18 U.S.C. §

3626(a) (prison-related injunctions must be necessary to remedy the violation and narrowly tailored); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage."). After considering the relevant factors, the court finds that Harris has not demonstrated that he is entitled to injunctive relief.

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 17).

SO ORDERED on February 28, 2020

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT